UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ROZEN,

        Plaintiff,

vs.

DOUGLAS FULTON, *et al.*,

        Defendants.

_____/

Case No. 08-11590

Anna Diggs Taylor
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

## **ORDER GRANTING MOTION TO AMEND IN PART (Dkt. 27)**

A.    Procedural History

Plaintiff filed a civil rights complaint against several police officers on April 14, 2008. (Dkt. 1). She filed an amended complaint on May 9, 2008. (Dkt. 4). The parties stipulated to the dismissal of defendant Arch Ravert on May 27, 2008. (Dkt. 12). Defendants answered the amended complaint on June 4, 2008. (16, 17). A scheduling order was issued by District Judge Anna Diggs Taylor on June 23, 2008, with a dispositive motion cut-off date of December 23, 2008 and a discovery deadline of October 23, 2008. (Dkt. 18).

Plaintiff filed a motion to amend her complaint a second time on October 30, 2008, seeking to add several counts based on state law causes of action and to add formerly dismissed Arch Ravert as a defendant once again. (Dkt. 27). On

1

November 13, 2008, Judge Taylor referred plaintiff's motion to the undersigned for hearing and determination. (Dkt. 28). The Court set a hearing for December 4, 2008 on plaintiff's motion to amend and ordered the parties to submit a joint statement of resolved and unresolved issued in advance of the hearing. (Dkt. 29). The parties filed their joint statement on December 1, 2008, and the Court held a hearing on December 4, 2008. (Dkt. 33).

As outlined in the parties' joint statement, defendants have agreed, on the condition that further discovery may be conducted, to allow plaintiff to amend Count I, Count II, and Count III, as set forth proposed second amended complaint. (Dkt. 29, p. 2). The parties were unable to reach a resolution on allowing plaintiff to pursue Count IV (violation of M.C.L. 750.147b), Count V (Elliott-Larsen Civil Rights Act (ELCRA) public accommodation violation), and Count VI (Conspiracy).

For the reasons set forth below, on the condition that Judge Taylor permits an extension of discovery and other deadlines,[1] plaintiff's motion to amend her complaint is granted in part and plaintiff may amend her complaint as to Counts I, II, III, and VI.

---

[1] The parties indicated at the hearing that the limited discovery to be conducted on the second amended complaint could be completed by January 31, 2009.

B.  Proposed Second Amended Complaint

The proposed second amended complaint contains new claims that fall into two categories. On one hand, the new claims arise from the same events that are the subject of the first amended complaint, which are generally based on plaintiff's arrest on December 10, 2007. Specifically, plaintiff's new state law claims that remain in dispute are ethnic intimidation under M.C.L. 750.147b and ELCRA accommodation. On the other hand, the new claim of conspiracy to violate plaintiff's constitutional rights (which claim also adds a new defendant) found in Count VI of the proposed second amended complaint arises from a second, and allegedly retaliatory, arrest that occurred after this lawsuit was filed and approximately two weeks before plaintiff filed her motion to amend the complaint.

C.  Legal Standards

Where, as here, defendants have already answered the original complaint, plaintiff can amend only by leave of the Court. *See* Fed.R.Civ.P. 15. Rule 15(a) provides, however, that such "leave shall be freely given when justice so requires." In *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001), the court listed several factors to consider in order to decide whether to allow an amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous

amendments, undue prejudice to the opposing party, and futility of amendment." The decision "as to when 'justice requires' an amendment is within the discretion of the trial judge...." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 513 (6th Cir. 2003), quoting, *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

For instance, a delay in time without prejudice is not enough to deny a motion to amend. *Cook v. Field Packing Co., LLC*, 2006 WL 1523233, *2 (W.D. Ky. 2006), citing, *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Contrarily, when a plaintiff possessed the information necessary to state a claim prior to the close of discovery, but did not seek to amend his complaint until after discovery, courts have rejected a motion to amend. *Id.* Prejudice is likely if an amendment involves new theories of recovery. *Cook*, at *2, citing, *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Prejudice is also likely if an amendment would require significant additional discovery. *Cook*, at *3, citing, *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998). A defendant is significantly prejudiced when a plaintiff seeks to amend his complaint after the close of discovery and the filing of dispositive motions. *See Duggins, supra*; *see also Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784 (6th Cir. 2005). In *Glomsky v. County of Oakland*, 2007 WL

1343634, *1 (E.D. Mich. 2007), seeking leave to amend one week prior to the close of discovery and three weeks before the dispositive motion cut-off date was considered undue delay.

D.  Analysis

With the legal standards set forth above in mind, the Court concludes that plaintiff should be permitted to amend her complaint to assert the conspiracy claim, arising from plaintiff's second arrest.  Plaintiff brought a motion to amend based on these events almost immediately after they occurred and the theories of recovery are similar those asserted in the first amended complaint.  Moreover, the conspiracy claim found in Count VI is factually related to Count III of the proposed second amended complaint, which defendants have agreed to permit. Based on these facts and the parties' agreement to briefly extend discovery (so long as Judge Taylor agrees to permit such an extension), the Court finds that there is no prejudice to defendants in permitting this amendment.

The Court also finds that plaintiff should not be permitted to amend her complaint as to the ethnic intimidation and ELCRA accommodation claims, which are solely based on events occurring before this lawsuit was filed and for which plaintiff presents no persuasive grounds for having waited until discovery has nearly closed to bring.  Given plaintiff's undue delay, that entirely new theories of

recovery are proposed, and that significant discovery on these new theories would likely be required, the Court concludes that defendants have established sufficient prejudice to preclude these amendments.

Based on the foregoing, on the condition that Judge Taylor permits an extension of discovery and other deadlines, plaintiff's motion to amend her complaint as to Counts I, II, III, and VI is **GRANTED**, and plaintiff's motion to amend her complaint to add Counts IV and V is **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: December 16, 2008                         s/Michael Hluchaniuk
                                                Michael Hluchaniuk
                                                United States Magistrate Judge

# **CERTIFICATE OF SERVICE**

I certify that on December 16, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Audrey J. Forbush, D. Randall Gilmer, Thomas J. McGraw, G. Gus Morris, and Tom R. Pabst, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov
